Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| MICHAEL RODRÍGUEZ MONROIG<br><br>Recurrido<br><br>v.<br><br>TIFFANY THAIS MÉNDEZ MALDONADO<br><br>Peticionaria | TA2025CE00123 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo<br><br>Civil Núm. AR2021RF00381<br><br>Sobre: Divorcio |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero y el Juez Campos Pérez.

Rodríguez Casillas, juez ponente.

## **RESOLUCIÓN**

En San Juan, Puerto Rico, a 29 de septiembre de 2025.

Comparece ante nos la Sra. Tiffany Thais Méndez Maldonado ("señora Méndez Maldonado" o "peticionaria") para que revisemos la *Orden* emitida el 6 de junio de 2025,[1] por el Tribunal de Primera Instancia, Sala Superior de Arecibo ("TPI"). En la cual, denegó la moción de reconsideración presentada por la peticionaria.

Evaluada la totalidad del expediente, denegamos el auto de *certiorari* solicitado.

**-I-**

Surge del récord que el **3 de marzo de 2022** fue disuelto el vínculo matrimonial entre la señora Méndez Maldonado y el Sr. Michael Rodríguez Monroig ("señor Rodríguez Monroig" o "recurrido").[2] La sentencia de divorcio dispuso que la custodia de la menor V.T.R.M. estaría en manos de la peticionaria, y la patria

---

[1] Notificada el 9 de junio de 2025.
[2] Entrada Núm. 46 del caso *AR2021RF00381* en SUMAC.

potestad, sería compartida entre ambos progenitores. Señaló, además, la manera en que se llevarían a cabo las relaciones filiales.

El **18 de abril de 2023**, el señor Rodríguez Monroig presentó una *MOCIÓN EN SOLICITUD DE RELACIONES PATERNO FILIALES EN VACACIONES DE VERANO*.[3] En esencia, adujo que en el periodo de verano no se establecieron relaciones paternofiliales. Por lo cual, solicitó relaciones paternofiliales durante el verano para las siguientes fechas: *"a) desde el viernes, 2 de junio al jueves, 8 de junio de 2023; b) desde el viernes, 16 de junio al jueves, 22 de junio de 2023; c) desde viernes 30 de junio al jueves, 6 de julio de 2023 y d) desde viernes 14 de julio al jueves 20 de julio de 2023"*.

Tras varios trámites procesales, el **6 de junio de 2023** el TPI dictó una *Orden*,[4] y en lo pertinente, dispuso:

> *Atendidos los escritos de ambas partes, a través de sus respectivas representaciones legales, este Tribunal determina lo siguiente:*
>
> *Se autorizan las relaciones paternofiliales en vacaciones de verano de la siguiente forma:*
>
> *1. desde el viernes 16 de junio al jueves 22 de junio de 2023;*
> *2. desde viernes 30 de junio al jueves 6 de julio de 2023; y*
> *3. desde viernes 14 de julio al jueves 20 de julio de 2023.*[5]

Así las cosas, el **5 de mayo de 2025** el señor Rodríguez Monroig presentó una *MOCIÓN PARA ACLARAR FECHAS DE RELACIONES PATERNOFILIALES EN VACACIONES DE VERANO*.[6] En síntesis, hizo constar que le correspondía cuatro (4) semanas de relaciones paternofiliales durante las vacaciones de verano, que serían: *"[d]esde el viernes, 13 de junio al jueves, 19 de junio de 2025; desde el viernes, 27 de junio al jueves, 3 de julio de 2025; desde el viernes, 11 de julio al jueves, 17 de julio de 2025; desde el viernes, 25 de julio al jueves, 31 de julio de 2025"*.

---

[3] Entrada Núm. 75 del caso *AR2021RF00381* en SUMAC.
[4] Notificada el 7 de junio de 2023.; Entrada Núm. 84 del caso *AR2021RF00381* en SUMAC.
[5] Entrada Núm. 84 del caso *AR2021RF00381* en SUMAC.
[6] Entrada Núm. 120 del caso *AR2021RF00381* en SUMAC.

El **5 de mayo de 2025**, la señora Méndez Maldonado sometió una *MOCIÓN EN CONTESTACIÓN A SOLICITUD DE FECHAS PARA RELACIONES PATERNO FILIALES EN VACACIONES DE VERANO.*[7] Entre otras cosas, solicitó que se ratificara las tres (3) semanas como el tiempo de relaciones paternofiliales durante el período de vacaciones de verano.

Mediante *Orden* emitida el **13 de mayo de 2025**,[8] el TPI expresó que:

> *Las relaciones paternofiliales para los meses de verano fueron establecidas el 6 de junio de 2023 en la entrada [84].*
>
> *Se autorizan las relaciones paternofiliales en vacaciones de verano de la siguiente forma:*
>
> 1. *desde el viernes 13 de junio al jueves 19 de junio de 2025;*
> 2. *desde el viernes 27 de junio al jueves 3 de julio de 2025; y*
> 3. *desde el viernes 11 de julio al jueves 17 de julio de 2025.*
>
> *El recogido será a las 9:00 am los viernes y entregados los jueves a las 7:00 pm.*[9]

Inconforme, el **23 de mayo de 2025** el señor Rodríguez Monroig radicó una *MOCIÓN URGENTE EN SOLICITUD DE RECONSIDERACIÓN.*[10] En resumen, solicitó la reconsideración a los efectos de incluir la semana inicial del mes de junio, con el fin de relacionarse con la menor durante el receso de verano.

El **29 de mayo de 2025**, el TPI acogió la reconsideración.[11] En esencia, dejó sin efecto la orden del 13 de mayo 2025 y autorizó las siguientes relaciones paternofiliales para las vacaciones de verano: *1. desde el viernes 13 de junio al jueves 19 de junio de 2025; 2. desde el viernes 27 de junio al jueves 3 de julio de 2025; 3. desde el viernes 11 de julio al jueves 17 de julio de 2025; y 4. desde el viernes 25 de julio al jueves 31 de julio de 2025.*[12]

---

[7] Entrada Núm. 121 del caso *AR2021RF00381* en SUMAC.
[8] Notificada el 15 de mayo de 2025.
[9] Entrada Núm. 122 del caso *AR2021RF00381* en SUMAC.
[10] Entrada Núm. 124 del caso *AR2021RF00381* en SUMAC.
[11] Notificada el 30 de mayo de 2025.
[12] Entrada Núm. 125 del caso *AR2021RF00381* en SUMAC.

El **5 de junio de 2025**, la señora Méndez Maldonado presentó una *MOCIÓN URGENTE DE RECONSIDERACIÓN DE ORDEN*.[13] En síntesis, solicitó que dejara sin efecto la orden autorizando las cuatro (4) semanas, y reafirmara la orden emitida el 6 de mayo de 2023 que concedía tres (3) semanas para las relaciones paternofiliales durante el verano.

Atendida la moción de reconsideración, el **6 de junio de 2025**,[14] el TPI la declaró *No Ha Lugar*.[15]

Inconforme, el **9 de julio de 2025** señora Méndez Maldonado compareció ante nos mediante el recurso de *certiorari* y señaló la comisión del siguiente error:

> *PRIMER ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL ACOGER Y CONCEDER LA SOLICITUD DEL RECURRIDO CONTENIDA EN SU MOCIÓN URGENTE DE RECONSIDERACIÓN, SIN BRINDAR A LA PETICIONARIA LA OPORTUNIDAD DE PRESENTAR SU POSICIÓN, EN CLARA VIOLACIÓN AL DEBIDO PROCESO DE LEY. ESTE ERROR SE AGRAVA AL DECLARAR 'NO HA LUGAR' LA MOCIÓN DE RECONSIDERACIÓN PRESENTADA POR LA PETICIONARIA PARTIENDO DE LA PREMISA ERRÓNEA DE QUE ÉSTA HABÍA FIJADO SU POSICIÓN RESPECTO A LAS FECHAS SOLICITADAS, CUANDO EN REALIDAD NUNCA TUVO LA OPORTUNIDAD DE RESPONDER FORMALMENTE A LA MOCIÓN DEL RECURRIDO.*

El **11 de julio de 2025** le concedimos al señor Rodríguez Monroig un plazo de diez (10) días para mostrar causa por la cual no debíamos expedir el auto de *certiorari* solicitado. No lo hizo, por lo que el caso quedó sometido a la atención del Panel Especial.

**-II-**

El auto de *certiorari* es un medio procesal de carácter discrecional, que a su vez, permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior.[16] Así, se entiende por discreción como el poder para decidir en una forma u otra; esto es, para escoger entre uno o varios cursos de acción.[17]

---

[13] Entrada Núm. 126 del caso *AR2021RF00381* en SUMAC.

[14] Notificada el 9 de junio de 2025.

[15] Entrada Núm. 127 del caso *AR2021RF00381* en SUMAC.

[16] *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 711 (2019); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337 – 338 (2012).

[17] *García v. Asociación,* 165 DPR 311, 321 (2005).

Por ello, la Regla 52.1 de Procedimiento Civil, delimita las instancias en que habremos de atender —*vía certiorari*— las resoluciones y órdenes emitidas por los tribunales de instancia:

> *[E]l recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. **Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.** [...].[18]*

Bajo el carácter de discrecionalidad, la Regla 40 del Reglamento de este Tribunal de Apelaciones establece los siguientes criterios para mostrar causa o para la expedición del auto de *certiorari*:

> (A) *Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.*
> (B) *Si la situación de hechos planteada es la más indicada para el análisis del problema.*
> (C) *Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.*
> (D) *Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.*
> (E) *Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*
> (F) *Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*
> (G) *Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[19]*

En consecuencia, el Tribunal Supremo de Puerto Rico ha dispuesto que:

> *[d]e ordinario, no se intervendrá con el ejercicio de discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho*

---

[18] Regla 52.1 de las Reglas de Procedimiento Civil 2009, 32 LPRA Ap. V., R. 52.1. *Énfasis nuestro.*
[19] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 62 – 63, 215 DPR __ (2025).

*sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial.*[20]

De manera, que si la actuación del foro recurrido no está desprovista de base razonable —ni perjudica los derechos sustanciales de las partes— deberá prevalecer el criterio del juez de instancia a quien le corresponde la dirección del proceso.[21]

**-III-**

En esencia, la señora Méndez Maldonado indica que el TPI erró al acoger la solicitud del señor Rodríguez Monroig sin la oportunidad de presentar su posición, ello en violación del debido proceso de ley.

Un examen del tracto procesal reseñado y de la *Orden* recurrida, demuestra que estamos ante una decisión dentro del claro ejercicio de discreción conferido a los tribunales de instancia. Aun cuando la Regla 52.1 de Procedimiento Civil, *supra*, nos faculta para atender la determinación recurrida, no hay prueba en el expediente tendente a demostrar que el TPI abusó de su discreción o actuó con perjuicio, parcialidad o error manifiesto.

Por lo cual, en el ejercicio de la discreción que nos permite la citada Regla 40 del Reglamento del Tribunal Apelaciones, no intervendremos con la determinación recurrida.

**-IV-**

Por los fundamentos antes expuestos, denegamos el auto de *certiorari* solicitado.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[20] *Zorniak Air Services v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992).; *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).
[21] *SLG Zapata- Rivera v. JF Montalvo*, 189 DPR 414, 434 – 435 (2013).